*425 The opinion of the Court was delivered by
Fbost, J.
The defendant contends for a construction of the deed of gift, which shall vest in Mrs. Nix, absolutely, her share of the issue of Abigail, so as to subject it to the marital rights of her husband, and give to the plaintiff a good title under the foreclosure of a mortgage made by him. The plaintiffs, the children of Mrs. Nix, contend that, by the terms of the deed, an estate for life only was vested in their mother; and that they were entitled, at her death, to take the negroes given, as purchasers, in remainder.
It was settled by the cases of Henry vs. Means, (2 Hill, 328), and Henry & Talbird vs. Archer, (Bail. Eq. 535), that, where a gift of personal property is made to one and his issue, or the heirs of his body, with a limitation over in the event of his dying without leaving issue, or heirs of his body, living at the time of his death, the first taker has an estate forlife only; and his issue, or heirs of his body, living at the time of his death, take in remainder as purchasers. In Treville vs. Ellis, and Stevens vs. Patterson, (Bail. Eq. 40, 42), it was decided, that, if a gift is limited over after the death of the first taker, without lawful issue, or heirs of his body, to a survivor, or to survivors, of the first taker, such limitation shall have the same construction and effect as is given to a limitation over, in the event of the first taker dying without leaving issue living at the time of his death. These cases establish the title of the plaintiffs to the negroes in dispute, as purchasers in remainder after the death of their mother.
The addition to the terms of the gift of the words, “ and so, on,” has been caught at, to except this cáse from the authority of those which have been cited. Much ingenuity has been shewn in the attempt to construe “ and so, on,” as meaning an indefinite succession, and “ surviving children,” as meaning children of the donor’s daughters. According to this forced reading, the clause of the deed which provides, that, “ if either of the above-mentioned girls should die without any lawful heirs of their body, her property shall go to the surviving children, and so, on,” should have effect so as to vest the property in the daughters’ surviving *426 children, in indefinite succession. But it is very plain that the words, “ and so, on,” were intended to apply to the succession of the donor’s daughters, to each other, by survivorship. “ Surviving children ” cannot mean the children of the donor’s daughters, but must mean his own children; for the gift to surviving children is made to take effect, only in case his daughters should die without issue of their bodies. The limitation over is “ if either of the above-mentioned girls should die,” &c. “ Either,” may mean, any one, one. It seems to have been so understood by the donor. In that sense, if one of his daughters died, her share would survive to the others; but if a second .daughter died, her share might not pass to the survivor, because only one case of survivorship had been provided for. It was to prevent uncertainty respecting his intention, that the words, “ and so, on,” were added. “ So ” means, in like manner; and “ on ” means, forward, in progression, successively. And these words are aptly used to express the intention of the donor, that, as on the death of the first daughter without any lawful heirs of her body, her share should survive to the other two; so, in like manner, on the death of a second daughter, her share should go to her survivor.
It should be added, that in the case of Templeton vs. Walker, (a), the Court of Equity gave the same construction and effect to the deed of Stephen Phillips, which has been given by this Court.
The motion is dismissed.
O’Neall, Evans, Ward law, Withers and Whitner, JJ. concurred.

Motion dismissed.

(a) 3 Rich. Eq. 543; vide also Nix vs. Harley, 3 Rich. Eq. 379.